UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLAYTON LAWLER,

        Plaintiff,

v.

        Case No: 05-CV-71408

UNUM PROVIDENT CORPORATION, a
foreign insurance company and
FURNITURE REPRESENTATIVES, INC.,
the policyholder,

        HON. MARIANNE O. BATTANI

        Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REVERSE
DEFENDANT'S ARBITRARY AND CAPRICIOUS ERISA DETERMINATION
AND GRANT LONG-TERM DISABILITY BENEFITS AND GRANTING
DEFENDANT UNUM PROVIDENT CORPORATION'S MOTION
TO AFFIRM ERISA ADMINISTRATIVE DECISION**

Before the Court is Defendant UnumProvident Corporation's Motion to Affirm ERISA Administrative Decision (Doc. # 12), and Plaintiff's Motion to Reverse Defendant's Arbitrary and Capricious ERISA determination and Grant Long-Term Disability Benefits (Doc. # 13). The Court has reviewed the motions and responses and finds oral argument would not aid in the resolution of these motion. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

## I. BACKGROUND AND FACTS

Plaintiff, Clayton Lawler, instituted this action against Defendant UnumProvident Corporation ("UnumProvident") seeking entitlement to disability benefits under the employee welfare benefit plan offered by his employer, Defendant Furniture Representatives, Inc., during the relevant time period.  Plaintiff asserts UnumProvident wrongfully denied his disability claim in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1).

Lawler filed his claim in October 2004, after he was injured in a May 2004, automobile accident.  Administrative Record ("AR") at 17-32.  The insurance plan, Policy No. 300583 001, establishes two eligible classes of beneficiaries:  full-time employees earning more than $90,000 annually; and full-time employees earning over $20,00 annually.  AR at 508.  UnumProvident denied Plaintiff's claim on two grounds: his income and his enrollment status.  See February 11, 2005 letter, AR at 559-62.  Plaintiff filed this action on April 12, 2005.   A copy of the Administrative Record ("AR") was filed July   25, 2006, and the matter is now ready for resolution.

## II. STANDARD OF REVIEW

When an ERISA benefit plan expressly grants the plan administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, a court reviews the benefit determination under the arbitrary and capricious standard.  See Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 111-15 (1989); Williams v. Int'l Paper Co., 227 F.3d 706, 710-11 (6th Cir. 2000).  Conversely, a court conducts a de novo review of a denial of benefits absent an express grant of discretion to the plan administrator.  Firestone, 489 U.S. at 115; Williams, 227 F.3d at 710-11.

In the instant case, the parties agree that the LTD Plan delegates discretionary authority to UnumProvident to determine eligibility for benefits. It provides in relevant part:

> In making any benefits determination under this policy, the Company shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this policy.

See AR at 510.

The arbitrary and capricious standard of review is "the least demanding form of judicial review of administrative action," Williams, 227 F.3d at 712, and is applied in order to avoid "excessive judicial interference with plan administration." Daniel v. Eaton Corp., 839 F.2d 263, 267 (6th Cir. 1988) (citations omitted). The decision of a plan administrator will not be considered arbitrary and capricious if it is "rational in light of the plan's provisions." Daniel, 839 F.2d at 267. Thus, an outcome is neither arbitrary nor capricious "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." Williams, 227 F.3d at 712. A decision will "be upheld if it is the result of a deliberate principled reasoning process, and if it is supported by substantial evidence." Killian v. Healthsource Provident Admin., Inc., 152 F.3d 514, 520 (6th Cir. 1998) (citation omitted). With this standard to guide its review, the Court turns to the merits.

## III. ANALYSIS

Before the Court can address UnumProvident, acted arbitrarily and capriciously in finding Plaintiff was not enrolled and in denying benefits in this case, it must address whether Plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies.

**A. Exhaustion**

ERISA-covered employee benefit plans are required to "afford a reasonable opportunity. . .for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133.  Although ERISA is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action, the Sixth Circuit has held that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991).  As noted in Ravencraft v. UNUM Life Ins. Co. of Am., 212 F.3d 341, 343 (6th Cir. 2000) (internal quotations and punctuation omitted), "The exhaustion requirement enables plan fiduciaries to efficiently manage their funds; correct their errors; interpret plan provisions; and assemble a factual record which will assist a court in reviewing the fiduciaries' actions."

In this case, Defendant did not request dismissal for failure to exhaust until its response to Plaintiff's motion.  Consequently, Plaintiff had no opportunity to respond to this argument.  UnumProvident did not diligently seek to enforce its right to insist on exhaustion; instead, it filed a motion to affirm the record on the merits.  If Defendant had really wanted a fresh look at the case pursuant to the plan's appeal procedure, it should have moved right away for dismissal or stay on that basis.  One of the purposes of exhaustion is to "decrease the cost and time of claims settlement."  Baxter v. C.A. Muer Corp., 941 F.2d 451, 453 (6th Cir. 1991) (citation omitted).  That purpose will not be served in this case.  Moreover, this is not a case involving factual disputes or requiring expertise as to the medical evidence.  Purely legal arguments underlie this dispute.

Accordingly, the Court, in its discretion, declines to dismiss Plaintiff's complaint for failure to exhaust.

### B. Enrollment

Because UnumProvident retains discretion to determine eligibility under the plan, the Court's role in resolving this dispute is to determine whether its decision that Plaintiff was not eligible for benefits is arbitrary or capricious. To reach its decision, the Court must examine the Plan's requirements and then the facts and evidence upon which the parties rely to support their positions.

Under the terms of the Plan,

> An employee will be insured for contributory insurance on. . .the date the Company gives its approval if the employee:
>
> > I. makes written application for insurance more than 31 days after his eligibility date; or
> >
> > ii. terminated his insurance date while continuing to be eligible.
>
> In the case of I. and ii. above, the employee must submit an application and evidence of insurability to the Company for approval. This will be at the employee's expense.

AR at 516. Evidence of insurability under the policy "means a statement of proof of an employee's medical history upon which acceptance for insurance will be determined by the Company." Id. at 512.

In this case, Lawler started work in 1994. He did not enroll in the long-term disability benefits plan until 1996. The policy terms required him to submit evidence of insurability, which he admittedly did not do. Therefore, Lawler has not met a condition precedent to coverage under the Policy. AR at 560.

Although Plaintiff alleges that he was enrolled in an open policy period, the

5

Administrative Record does not support his contention, and the Court finds UnumProvident's rejection of his assertion is neither arbitrary nor capricious.  The Court agrees with UnumProvident that Lawler failed to comply with the unambiguous enrollment procedures and conditions set forth in the above provisions and, therefore, is not entitled to benefits under the Policy.

Lawler nevertheless claims that Defendant is estopped from denying him long-term disability insurance benefits.  It is undisputed that Defendant accepted his premiums from 1996, until his injury and paid him benefits under a reservation of rights.

As sympathetic as the Court is to Plaintiff's plight, case law does not support his argument.  Although equitable estoppel is recognized in this circuit as a viable theory in an ERISA welfare benefits case, in Sprague v. General Motors Corp., 133 F.3d 388, 404 (6th Cir. 1998), the Sixth Circuit reasoned that a "party's reliance can seldom, if ever, be reasonable or justifiable if it is inconsistent with the clear and unambiguous terms of plan documents available to or furnished to the party."  The Sprague court reasoned that allowing "estoppel to override the clear terms of plan documents would be to enforce something other than the plan documents themselves," a policy that would be inconsistent with ERISA.  Id.  See 29 U.S.C. § 1102(a)(1) (mandating that employee benefit plans under ERISA be governed by written instruments).  Here the plan's provisions are unambiguous.  Accordingly, under the law of this circuit Plaintiff's reliance is not reasonable and his equitable estoppel theory cannot be advanced.  Further, cases addressing whether the acceptance of policy premiums estopped an insurer from denying coverage undermine Plaintiff's argument.  See Kaus v. Standard Life Ins. Co., 176 F.Supp.2d 1193 (D. Kan. 2001) (challenging the denial of benefits by a defendant

who accepted premiums for two years and failed to notify the plaintiff that he was no longer eligible); Hart v. Equitable Life Assurance Soc'y, 2002 WL 31682383, at *5 (S.D.N.Y. 2002) (finding that statements containing erroneously calculated benefit estimates did not constitute extraordinary circumstances, even though plaintiff would "suffer the consequences of an unfortunate mistake"), aff'd, 2003 WL 22148771 (2d Cir. 2003); Cerasoli v. Xomed, Inc., 47 F.Supp.2d 401, 411 (W.D.N.Y. 1999) (dismissing promissory estoppel claim on the ground that "plaintiff's allegations amount to little more than a claim that [defendant] made a mistake when it told him that he would be covered"); Wallace v. Life Ins. Co. of N. Am., 1997 WL 375653 (S.D.N.Y. 1997) (rejecting estoppel argument despite the defendant's acceptance of premiums because acceptance did not "guarantee the plaintiff benefits without regard to the terms of the policies); cf. Patterson v. J.P. Morgan Chase & Co., 2002 WL 207123, at *6 (S.D.N.Y. 2002) (finding that extraordinary circumstances existed where defendant made a "promise directly to Plaintiff in order to persuade Plaintiff to return to work," and noting that "[t]he case at hand is not one where a general promise was made to a community of individuals, without any expectation that it would affect their behavior").  Because Defendant's rejection of Plaintiff's claim for benefits was not arbitrary or capricious under the language governing enrollment, the Court declines to address the parties' arguments relative to qualifying income.

**IV. CONCLUSION**

    For the reasons set forth above, Defendant's Motion to Affirm is **GRANTED** and Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

                                                        s/Marianne O. Battani  
                                                            MARIANNE O. BATTANI  
                                                            UNITED STATES DISTRICT JUDGE

DATE: August 17, 2006

### CERTIFICATE OF SERVICE

A copy of this Opinion and Order was e-filed and/or mailed to K. Scott Hamilton and Greg M. Liepshutz on this date.

                                                        s/Bernadette M. Thebolt  
                                                        Deputy Clerk